UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YALON MOORE,

       Plaintiff,                          Civil Action No. 16-CV-12587

vs.                                  HON. BERNARD A. FRIEDMAN

CITY OF HIGHLAND PARK, et al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

      This matter is before the Court on defendant's motion to dismiss for failure to prosecute [docket entry 20].  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

      On October 18, 2016, the Court granted defendants' motion to dismiss the complaint against defendant Highland Park, but not defendant Officer Player.  On December 15, 2016, Magistrate Judge Whalen entered a scheduling order requiring plaintiff to file an amended complaint by January 13, 2017.  On December 29, 2017—two weeks before the amended complaint was due—attorney Ronnie E. Cromer Jr. entered an appearance on the record as plaintiff's counsel.

      For two months nothing happened.  Then, on February 27, 2017, defendant filed the instant motion to dismiss.  Defendant argues that because plaintiff is over two months late to file her amended complaint,[1] the Court should dismiss the case for failure to prosecute.  Plaintiff's counsel responds that his schedule for January and February was packed and that he

_____

[1] The Court notes that plaintiff still has not filed it.

inadvertently used the original, unamended scheduling deadlines, and not Magistrate Judge Whalen's deadlines.

Fed. R. Civ. P. 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citations omitted).

None of *Knoll*'s factors weigh in favor of dismissal. First, plaintiff's delay in filing the amended complaint is due largely to her counsel's unintentional calendar mishap, and nothing indicates that he acted in bad faith or intentionally delayed the case.[2] Second, the Court can see no prejudice to defendant from this delay. Third, Magistrate Judge Whalen's scheduling order did not indicate that the penalty for missing a deadline was dismissal. Finally, no less drastic sanctions have yet been considered.

Accordingly,

IT IS ORDERED that defendant's motion to dismiss is denied.

IT IS FURTHER ORDERED that plaintiff file an amended complaint no later than April 7, 2017.

---

[2] Of course, calendrical difficulties are no excuse to miss a court-imposed deadline.

IT IS FURTHER ORDERED that the parties will hereafter strictly comply with

Magistrate Judge Whalen's December 15, 2016, scheduling order.


s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  March 23, 2017
        Detroit, Michigan



Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and
any unrepresented parties via the Court's ECF system to their respective email or First Class
U. S. Mail addresses disclosed on the Notice of Electronic Filing on  March 23, 2017.


s/Teresa McGovern
Case Manager Generalist